# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ARTHUR USHERSON,                         :
                                         :
                 Plaintiff,              :
                                         :
RICHARD LIEBOWITZ &                      :
LIEBOWITZ LAW FIRM, PLLC                 :
                                         :   No. 20-2304
                 Appellants,             :
                                         :
           v.                            :
                                         :
BANDSHELL ARTIST                         :
MANAGEMENT,                              :
                                         :
                 Defendant-Appellee.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

## DEFENDANT-APPELLEE'S OPPOSITION TO APPELLANTS' EMERGENCY MOTION FOR STAY PENDING APPEAL

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, the undersigned counsel of record for Appellee Bandshell Artist Management certifies for purposes of potential recusal or disqualification only, and for no other purpose, that Bandshell Artist Management has no parent company or public company owning 10% or more of its stock.

Defendant-Appellee Bandshell Artist Management ("Bandshell") files this opposition to Appellants' motion for an emergency stay of the District Court's sanctions Order. For the reasons stated below, Appellants' motion should be denied.

This opposition will be brief given that (1) the time to make sure it is seen before a ruling could be issued is limited, and (2) there is little to be said that was not already stated in the district court's 14-page July 22, 2020 Opinion [Dkt 81 and Ex. E to Appellants' Motion] ("Ct. Op." denying Appellants' "eleventh hour request" (Ct. Op. p. 14) for the very same relief. Appellants make it sound as if the fact that they waited until almost the last minute was the *only* reason for the district court's denial of their stay motion. However, that reason (which the court was required to consider as undermining the claimed harm) was just a small part of the court's decision. The main reason for the district court's decision denying a stay, which the district court made *very* clear, was that the arguments in the motion were frivolous and Appellants did not "come close" to meeting the standard for a stay (Ct. Op.3). As the court below mentioned, it could have just rested on a short order since Appellants' stay motion was so clearly meritless (*id.*). **Instead, however, it wrote a detailed Order explicitly "to aid the Circuit" in case Appellants decided to waste further judicial resources by pushing their motion to the Court of Appeals** (*id.,* emphasis added).

3

As the Court below noted, Appellants:

- Bear a "heavy burden" to show that a stay is warranted (Ct. Op." p. 2-3, quoting *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, No. 16-CV-7544 (PGG), 2020 WL 2216660, at *2 (S.D.N.Y. May 7, 2020)).

- Waited until just before the 30-days the Order gave Appellants to comply with the sanctions Order expired before asking for a stay, which the district court properly noted must be considered and belies any claim of harm (Ct. Op. p. 5-6) (citations omitted).

- Claim that their irreparable harm comes from Appellants no longer being able to hide their activities from their clients and the courts because Appellants will need to share the Court's opinion will those entities. They claim this even though the opinion itself is a public document, already widely reported on by the press, and it is Mr. Liebowitz's actions, including *scores* of prior sanctions orders (the sanctions Order limits its appendix to a recitation of just 40 of them), which cause harm to his reputation, not the distribution of a public document; furthermore, Appellants do not and cannot deny the sanctions Order accurately recounts the facts of this case as well as Mr. Liebowitz's troubled history in federal courts around the country.

4

As such there is nothing remotely like irreparable harm caused by the sanctions (Ct. Op. p. 3-5).

- Did not even try to convince the district court that they had a likelihood of success on the merits because they are clearly aware their appeal is meritless (and the district court noted that Appellants stated instead merely that the court's opinion raised "serious questions." (which it did not)). As the court below stated, "conspicuously they do not even attempt to [allege that they could possibly win on appeal]; indeed, their boilerplate recitation of the standard aside, *see* Mem. 10, the Movants' brief does not even include the words 'likelihood' or 'success.'" (Ct. Op. p. 6). As the court notes, even the "serious question" standard requires both an additional showing of "a substantial case on the merits" and "that the balance of the equities weighs heavily in favor of granting the stay" and Appellants did not come close to meeting that standard either (quoting *Citigroup Glob. Mkts., Inc.*, 598 F.3d at 38; *see LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994)).

- Completely misstate and ignore the many factual reasons for the district court's sanctions Order. The evidence, presented in detail in emails, sworn false testimony, declarations, the Court's prior Orders,

5

and so on supporting the sanctions Order was *overwhelming*. It is staggering that Appellants' motion misstates the basis for the Order to such a degree. In fact, the district court Order denying a stay makes this point succinctly, when it states (at 7) "**reading [Appellants'] motion papers, one wonders if they even read the Court's Opinion and Order**." (emphasis added).

- Claim that the sanctions Order requiring the attachment of deposit copy files to future Complaints filed by Appellants somehow changes the standard of proof. Such a claim has no basis in law and no understanding of copyright. The burden is always on the copyright owner to prove that his work was indeed registered. Given Appellants' history of filing cases (including the one at hand) without actually investigating (to be kind) whether the registrations they claim have indeed gone through the Copyright Office's registration process and are therefore legitimate registrations for the photographs at issue, this part of the sanction award is necessary and directly related to the undisputed misdeeds of Appellants regarding them playing fast and loose with copyright registrations. Furthermore, the Court altered its Order to take into account Appellants' concerns that waiting for a deposit copy when a client is up against the statute of limitations

6

would affect the client negatively. As such, Appellants have a remedy in such situations and cannot possibly claim irreparable harm (Ct. Op. p. 8-9, 11, 11 n.6-7). In their brief before this Court, rather than be pleased with the Court's modification, they insinuate the district Court's modification to help them out is a reason to question everything in the sanctions Order.

- Claim it is in the public interest for Appellants to continue acting as if the sanctions Order did not exist because, they allege, there will be plaintiffs that will not be served without a 'champion' like Mr. Liebowitz. Besides the fact that he is not the only attorney in the country, the Court has not stopped Appellants from representing clients. It has, however, required that those clients are made aware of his actions, and shining a light on the truth must be considered to be in the public interest (Ct. Op. p. 12-13).[1]

---

[1] Before the lower court, Appellants also raised the same excuse they have raised before courts in the past: that their case load is too overwhelming and they are trying to do better, as if this were a 'get out of sanctions free' card. While not an excuse by any means, Appellants are not 'doing better." As the sanctions opinion appendix shows, Appellants racked up an impressive 14 additional severe sanctions orders in courts around the country in the five months between the January sanctions hearing in this case (where Appellants pledged they were changing their ways) and the district court's eventual June opinion.

Finally, as the court below further notes, its sanctions Order does not bar Appellants from filing any new cases even though severe limitations on filing cases have been previously upheld for no worse actions than committed by Appellants, and the court could have shaped a much more extreme sanction (p. 3-4, 10-11, 13).  Given that Mr. Liebowitz is, without hyperbole, possibly the most sanctioned attorney in modern United States history, the district court would have been justified to choose from just about any sanctions award previously upheld by a court or necessary to protect the judicial system, Mr. Liebowitz's clients, and his adversaries.  There is absolutely no need for a stay of the sanctions Order and the Appellants' motion presents no valid reason to consider one.

Therefore, it is respectfully submitted that Appellants' motion for a stay of the sanctions order pending appeal should be denied.

Dated:      July 23, 2020

        **MCGUIREWOODS LLP**

        */s/ Brad R. Newberg*
        Brad R. Newberg
        McGuireWoods LLP
        1750 Tysons Blvd.
        Tysons Corner, VA 22102
        T: 703-712-5061
        F: 703-712-5050
        bnewberg@mcguirewoods.com

        *Attorney for Defendant*
        *Bandshell Artist Management*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A).

1. Exclusive of the exempted portions of the motion, as provided in Fed. R. App. P. 32(f), the motion contains 1,279 words.

2. The motion has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

Dated:  July 23, 2020

**MCGUIREWOODS LLP**

*/s/ Brad R. Newberg*
Brad R. Newberg
McGuireWoods LLP
1750 Tysons Blvd.
Tysons Corner, VA 22102
T: 703-712-5061
F: 703-712-5050
bnewberg@mcguirewoods.com

*Attorney for Defendant*
*Bandshell Artist Management*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 23, 2020, I caused a true and correct copy of Defendant-Appellee's Opposition to Appellants' Emergency Motion for Stay Pending Appeal to be served on Appellants via ECF and electronic mail:

Robert J. Anello, Esq.
ranello@maglaw.com
Kevin Grossinger, Esq.
kgrossinger@maglaw.com
Brian A. Jacobs, Esq.
bjacobs@maglaw.com
Morvillo Abramowitz Grand Iason & Anello PC
565 Fifth Avenue
New York, NY 10017
*Counsel for Appellants Richard Liebowitz and The Liebowitz Law Firm, PLLC*

                                                           */s/ Brad R. Newberg*
                                                           Brad R. Newberg